# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **CHARLES PURTER,** ) | |
| ) | |
|        **Petitioner** ) | |
| ) | |
| v. ) | No. 3:06cv0177 AS |
| ) | |
| **MR. BUSS,** ) | |
| ) | |
|        **Respondent** ) | |

## *OPINION AND ORDER*

Charles Purter, *pro se* petitioner, filed a petition seeking relief under 28 U.S.C. §2254 challenging his conviction of June 10, 2002. Mr. Purter challenged his same conviction in this court in cause number 3:05-cv-408AS which was dismissed because it was time barred based on the one year statute of limitations. In this new petition Mr. Purter argues that his motion is timely and that his eight year state sentence should not have been postponed by the state court.

Mr. Purter has already challenged this conviction in federal court. It is clearly established that a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. 28 U.S.C. § 2244(b)(1); *Felder v. McVicar*, 113 F. 3d 696, 698 (7th Cir. 1997); *Benton v. Washington*, 106 F. 3d 162, 163 (7th Cir. 1997); *Nunez v. Washington*, 96 F. 3d 990, 991 (7th Cir. 1996). Even if the claims in the second petition are different than those in the first petition, 28 U.S.C. §2244(b)(2) states,

> "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Mr. Purter argues in this petition, as he did in his previous petition, that his sentence shouldn't have been postponed. This court has no choice but to dismiss this petition with leave for petitioner to request permission of the Seventh Circuit Court of Appeals for an order authorizing this court to consider the application. Therefore, this court **DISMISSES** this action so that Mr. Purter can seek authorization from the Court of Appeals.

SO ORDERED

DATED: March 20, 2006

>S/ ALLEN SHARP
>ALLEN SHARP, JUDGE
>UNITED STATES DISTRICT COURT